IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>PLYMOUTH CONCRETE, INC., a Michigan corporation,<br><br>Defendant. | FILED: JUNE 16, 2008<br>08CV3444<br>JUDGE NORDBERG<br>MAGISTRATE JUDGE COLE<br>YM |

## COMPLAINT

**NOW COME** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, and complaining against Defendant Plymouth Concrete, Inc., a Michigan corporation, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 *et seq*.

3. This Court has jurisdiction over this action pursuant to §§502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4. Venue properly lies in the Northern District of Illinois based upon the forum

selection clause of the Pension Fund Trust Agreement and pursuant to §§502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered in the Northern District of Illinois.

## PARTIES

5.  The Pension Fund is a multiemployer pension plan within the meaning of §§3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6.  Plaintiff Howard McDougall is a present Trustee of the Pension Fund and he and his fellow Trustees are the plan sponsor of the Pension Fund within the meaning of §4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).

7.  The Trustees administer the Pension Fund at its sole offices at 9377 West Higgins Road, Rosemont, Illinois.

8.  Pursuant to §§502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated Trustee, Mr. McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

9.  Defendant Plymouth Concrete, Inc. is a Michigan corporation with its principal place of business located in the State of Michigan.

## CLAIM FOR RELIEF

10.  Defendant was subject to a collective bargaining agreement executed with Local Union No. 247 of the International Brotherhood of Teamsters.

11.  Pursuant to that collective bargaining agreement, Defendant was required to make contributions to the Pension Fund on behalf of certain covered employees.

12. On or about November 10, 2007, Defendant ceased its operations, thereby ending its participation in the Pension Fund and effecting a "complete withdrawal" as that term is defined in §4203 of ERISA, 29 U.S.C. §1383.

13. Because of the complete withdrawal, Defendant incurred withdrawal liability to the Pension Fund in the amount of $1,435,679.78, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b).

14. On or about February 22, 2008, Defendant received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with §4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B).

15. The notice and attached invoice notified Defendant that it was required to discharge its liability in a lump sum payment of $1,435,679.78.

16. Defendant failed to remit its withdrawal liability payment to the Pension Fund, and to date Defendant has failed to make any withdrawal liability payments.

17. Consequently, Defendant is in default within the meaning of §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

18. Defendant likewise failed to timely initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), and consequently, the amounts demanded by Plaintiffs are due and owing immediately and in full under §4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, Trustee, request a judgment in their favor and against Defendant Plymouth Concrete, Inc., a Michigan corporation, for:

(a) Withdrawal liability in the amount of $1,435,679.78;

(b)　　Interest computed at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the fifteenth day of the month for which interest is charged;

(c)　　An amount equal to the greater of doubled interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability;

(d)　　Attorney's fees and costs;

(e)　　Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the fifteenth day of the month for which interest is charged compounded annually; and

(f)　　Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*Edward H. Bogle*

Edward H. Bogle    (ARDC No. 6277152)
Attorney for Plaintiffs
Central States Law Department
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3469
ebogle@centralstatesfunds.org

June 16, 2008

F:265193 / 08411213

-4-